UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANTAVIS LAMARCUS SHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02537-JRS-TAB |
| ) | |
| GIRDLER Lt., IYC, ) | |
| BALLARD Sgt., IYC, ) | |
| MONEBRAILE Sgt., IYC, ) | |
| A. STEADHAM R.N., IYC, ) | |
| CAMPBELL Sgt., IYC, ) | |
| ) | |
| Defendants. ) | |

**Order Granting Defendants' Motions for Summary Judgment
and Directing Entry of Final Judgment**

Indiana Department of Correction (IDOC) inmate Dantavis Lamarcus Shannon alleged that four officers at the Plainfield Correctional Facility unjustifiably sprayed him with a chemical agent and then interfered with his ensuing medical treatment. He also alleged that the nurse administering the treatment failed to come to his aid when officers interrupted the treatment. The officers and nurse argue that Mr. Shannon should not have brought this suit against them because he failed to exhaust his administrative remedies first. Mr. Shannon did not respond to their motions for summary judgment. Because the evidentiary record demonstrates that Mr. Shannon did not exhaust his administrative remedies, the motions for summary judgment, dkts. [25] & [31], are **granted**.

**I. Summary Judgment Legal Standard in Exhaustion Cases**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find

for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *Nat'l Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

As the movants, the defendants bear the burden of establishing that the administrative remedies upon which they rely were available to the plaintiffs. *See Thomas v. Reese*, 787 F.3d 845,

2

847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II.  Undisputed Material Facts[1]

As noted, Mr. Shannon failed to respond to the motions for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Shannon has conceded the defendants' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. L.R. 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Thus, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, --- F.3d ---, 2021 WL 2350875 at *2 (7th Cir. June 9, 2021) (quoting *Yancick v. Hanna*

---

[1] The IDOC defendants and the medical defendant filed separate motions for summary judgment, but each is supported by the same evidence. *See* dkts. 25 & 31, supported respectively by dkts. 28-1–28-4 & 31-1–31-3. The Court will cite to the first filed evidentiary material.

*Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)). Accordingly, the following facts, unopposed by Mr. Shannon and supported by admissible evidence, are accepted as true.

The chemical spraying and interference with medical treatment incidents occurred on September 13, 2019, at the Plainfield Correctional Facility (PCF). Dkt. 1. On that date and afterwards, PCF maintained an offender grievance system. Dkt. 28-1 at ¶¶ 4, 6-8 (affidavit of IDOC Grievance Specialist Jeremy Jones). The grievance process covers all complaints about a prisoner's conditions of confinement, including medical issues. *Id.* at ¶¶ 4, 7. At the times relevant to Mr. Shannon's allegations, the grievance process consisted of four steps. First, offenders must try to resolve their issues informally with the concerned IDOC staff. Second, if the issues could not be resolved informally, the offender must submit a written grievance to the grievance manager. Third, the offender must appeal any unresolved issue to the facility Warden. Fourth, and finally, the offender must appeal any unresolved issue to the IDOC Grievance Manager. *Id.* at ¶ 8; dkt. 28-2 (IDOC Grievance Policy). An offender must complete each step of the process by the deadline provided in the grievance policy. Dkt. 28-1 at ¶¶ 10-16.

Mr. Shannon was instructed how to use the grievance system when he entered the PCF. *Id.* at ¶ 20; Dkt. 28-4 (Mr. Shannon's PCF admission record).

According to Mr. Jones' affidavit testimony, Mr. Shannon did not grieve any issues related to the September 13, 2019 incidents. Dkt. 28-1 at ¶¶ 18-19, 21; dkt. 28-3 (Mr. Shannon's grievance history).

### III. Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter,* 534 U.S. at 524-25; *Dale*, 376 F.3d at 655. Strict compliance is required with respect to exhaustion, and a prisoner

4

must properly follow the prescribed administrative procedures to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

In his complaint, Mr. Shannon described his attempts to grieve the issues. Dkt. 1 at 9-10. He alleged that he made several informal grievances to Sgt. Ballard but received only one response, unsigned. *Id.* Mr. Jones returned his formal grievances to him the same day they were submitted *Id.* The grievances were not processed or were returned with the same boilerplate language that the grievance was not timely. *Id.*

But Mr. Shannon's complaint is not verified or signed under penalty of perjury. *Id.* at 17. The assertions are not, therefore, admissible evidence. Nowhere in the record are there copies of grievance records that could support Mr. Shannon's contentions. Because Mr. Shannon did not respond to the motions for summary judgment, no admissible evidence has been provided to refute the defendants' admissible evidence.

The unrefuted evidence therefore demonstrates that Mr. Shannon did not exhaust his available administrative remedies prior to filing this lawsuit as required by 42 U.S.C. § 1997e(a). The failure cannot be excused. *Ross*, 136 S. Ct. 1856-57. The only exception to the exhaustion requirement is when the grievance system is not available to the offender, an exception written in the statute. *Id.* at 1858-59. Mr. Shannon did not show that the grievance process was unavailable to him. The consequence of these circumstances, in light of § 1997e(a), is that Mr. Shannon's lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV.  Conclusion

Defendant Ashley Steadham's motion for summary judgment, dkt. [25], is **granted**. Defendants Larry Grider, Ronnie Ballard, Clayton Monebrake, and Veronica Campbell's motion for summary judgment, dkt. [31], is **granted**. This action is **dismissed** without prejudice. Final judgment consistent with the Order of November 20, 2020 (dkt. 8), and this Order shall now enter.

**IT IS SO ORDERED**.

Date: 6/15/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dantavis Lamarcus Shannon
267900
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

W. Andrew Kirtley
Indiana Attorney General
andrew.kirtley@atg.in.gov

Erika Lauren Steuerwald
Katz Korin Cunningham, P.C.
esteuerwald@kkclegal.com